IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
                                                     :

ANDRE CAYO                                  :           3:14 CV 38 (JBA)

V.                                                         :

DANIEL SEFCEIK ET AL.[1]             :           DATE: OCTOBER 8, 2014
                                                     :
------------------------------------------------------------X

RULING ON NORWALK DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS

      On January 10, 2014, plaintiff, an attorney, filed this lawsuit, pro se, regarding his prosecution, and eventual acquittal, in the Connecticut Superior Court in Stamford. (Dkt. #1). Two months later, on March 10, 2014, he filed his Amended Complaint (Dkt. #11), with fourteen counts and seven defendants -- three affiliated with the State of Connecticut (Anthony Guiliano,[2] a Connecticut State Trooper, the Connecticut Department of Emergency Services and Public Protection, a/k/a the "State Police," and Dora B. Schoriro, Commissioner of this state agency), and four affiliated with the City of Norwalk (Daniel Sefcik, a Norwalk Police Officer, the City of Norwalk itself, Police Captain Ernest Vitarbo, and Mayor Harry Rilling)[any combination thereof being called henceforth "the Norwalk Defendants"]. On April 21, 2014, plaintiff filed his Second Amended Complaint (Dkt. #63), with thirteen counts, against defendants Sefcik, Guiliano and the City of Norwalk only.

      On April 22, 2014, defendant City of Norwalk filed a sealed Offer of Judgment. (Dkt. #39). Two days later, the Norwalk Defendants filed their Motion to Dismiss (Dkt. #41), and defendant Guiliano filed his Motion to Dismiss on May 12, 2014. (Dkt. #44). On June 5 and 11, 2014, plaintiff filed his briefs in opposition to these two motions, respectively. (Dkts.

---

    [1]See note 4 infra.

    [2]See note 4 infra.

##50, 52; see also Dkts. ##51, 56).  Defendants filed their reply briefs on June 11-12, 2014.  (Dkts. ##53-54).  Oral argument was scheduled before U.S. District Judge Janet Bond Arterton for July 10, 2014, but was canceled when plaintiff failed to appear.  (Dkt. ##60-61).[3]  The next day, Judge Arterton filed her Ruling on Defendants' Motion to Dismiss (Dkt. #62), granting both motions. 2014 WL 3419578 (D. Conn. July 11, 2014).[4]  Judgment entered for defendants four days later.  (Dkt. #64).

On July 24, 2014, the Norwalk Defendants filed the pending Motion for Attorney's Fees and Costs and brief in support (Dkt. #65),[5] as to which plaintiff filed his brief in opposition on August 14, 2014.  (Dkt. #66).  The Norwalk Defendants filed their reply brief on September 4, 2014.  (Dkt. #67).[6]  On October 1, 2014, Judge Arterton referred this motion to this Magistrate Judge.  (Dkt. #68).  For the reasons stated below, the Norwalk Defendants' Motion for Attorney's Fees and Costs (Dkt. #65) is granted in part.

## I.  DISCUSSION

The Norwalk Defendants seek attorney's fees under 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.  (Dkt. #65).  On or about April 15, 2014, the Norwalk Defendants served an Offer of Judgment upon plaintiff, pursuant to FED. R. CIV. P. 68, in which they offered the following resolution: (1) plaintiff shall withdraw all claims against these defendants with

---

[3]Plaintiff explained in his brief that he was in state court all day on July 10, 2014. (Dkt. #66, at 4-5).

[4]As Judge Arterton noted, the correct spelling of the two officers' last names are Sefcik and Guiliano.  2014 WL 3419578, at *1, n.1.

[5]Two exhibits were attached: a copy of the Offer of Judgment, dated April 15, 2014 (Exh. A), and a copy of a letter from defense counsel to plaintiff, with the same date (Exh. B).

[6]Attached as Exh. A is a copy of a string of e-mails between defense counsel and plaintiff, from March 11 through April 28, 2014.

prejudice and without cost to any party; (2) plaintiff shall execute a general release as to these defendants; and (3) these defendants shall waive their right to seek attorney's fees, costs and expenses under 42 U.S.C. § 1988, 28 U.S.C. § 1927, or Rule 68. (Dkt. #65, Exh. A). This Offer of Judgment was accompanied by a cover letter, in which defense counsel pointed out plaintiff's acknowledgment that defendant Sefcik did not arrest plaintiff nor apply for the arrest warrant, but rather all of this was done by the State Police, preventing any malicious prosecution claim against this defendant; as to all of the other state tort claims, defense counsel advised that they were barred by the statute of limitations, in that plaintiff had been arrested in November 2010 but this federal lawsuit was not filed until January 2014. (Id., Exh. B). Moreover, from March 11 through April 28, 2014, defense counsel sent plaintiff multiple e-mails, in which he highlighted deficiencies in plaintiff's claims against the Norwalk Defendants. (Dkt. #67, Exh. A).

As noted by Judge Arterton in her Ruling on Defendants' Motions to Dismiss, defendant Sefcik was named in seven counts as follows: Count Three for malicious prosecution; Count Four for Fourth Amendment violations under § 1983; Counts Five and Six for intentional and negligent infliction of emotional distress, respectively; Count Nine for defamation; Count Eleven for false light; and Count Thirteen for abuse of process. 2014 WL 3419578, at *2, n.5. Judge Arterton held that in light of the fact that plaintiff's brief in opposition to the Norwalk Defendants' Motion to Dismiss only addressed Count Three, all of his other claims against defendant Sefcik were "deemed abandoned and dismissed." Id. at *2 (citation omitted). In addition, Judge Arterton found that all of the other counts were barred by the applicable statute of limitations. Id. at *3.

With regard to Count Three, Judge Arterton held that defendant Sefcik's preliminary

assistance in fact-gathering in order for defendant Guiliano to ultimately obtain an arrest warrant against plaintiff did not give rise to a claim for malicious prosecution.  Id. at *3-4.  Judge Arterton further noted that plaintiff had "pleaded no facts to plausibly allege that [defendant] Sefcik acted with malice and/or improper purpose . . . ."  Id. at *4, n.9.

Thus, Judge Arterton agreed entirely with the Norwalk Defendants' arguments, on the precise grounds as to which defense counsel had given plaintiff advice in his multiple e-mails, letter of April 15, 2014, and Offer of Judgment.

Last summer, a district judge well summarized the law with respect to awarding attorney's fees and costs to a defendant under § 1988 as follows:

> [A] prevailing defendant may recover attorney's fees only when the suit is vexatious, frivolous, or brought to harass or embarrass defendant.  Fees are not to be awarded to a prevailing defendant in a civil rights action unless the plaintiff's action was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so.  A prevailing defendant need not show bad faith by a plaintiff to be entitled to attorney's fees, though such a showing provides an even stronger basis for the award.  However, in applying the standard for an award of attorney's fees to prevailing defendants, courts must take care not to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

Edwards v. Huntington Union Free Sch. Dist., 957 F. Supp. 2d 203, 215 (E.D.N.Y. 2013)(internal quotations, alterations & citations omitted)(emphasis added).  Just three months ago, the Second Circuit applied these principles in affirming the award of attorney's fees and costs to defendant Suffolk County, its Police Department, its Department of Civil Service ["DCS"], and one of the DCS' mid-level employees in an action brought by five former seasonal and part-time police officers of the Incorporated Village of Ocean Beach, who sued these four Suffolk County defendants, in addition to various Ocean Beach governmental officials and entities.  Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 161 (2d

Cir. 2014). The Second Circuit wholeheartedly agreed with the district judge that "[p]laintiffs' claims against the County Defendants were frivolous from the outset," in that "[t]he County Defendants, who did not employ or supervise [p]laintiffs, had no meaningful role in any alleged wrongs." Id. at 161, 163-66.

The same holds true here, where Judge Arterton found, without any hesitation, that outside of Count Three, all of plaintiff's other claims against defendant Sefcik were "deemed abandoned and dismissed[,]" 2014 WL 3419578, at *2 (citation omitted), that in any event, all of the other counts were barred by the applicable statute of limitations, id. at *3, that with regard to Count Three, defendant Sefcik's preliminary assistance in fact-gathering in order for defendant Guiliano to ultimately obtain an arrest warrant against plaintiff did not give rise to a claim for malicious prosecution, id. at *3-4, and that plaintiff had "pleaded no facts to plausibly allege that [defendant] Sefcik acted with malice and/or improper purpose . . . . " Id. at *4, n.9.

As Judge Arterton observed, plaintiff is an attorney proceeding pro se. Id. at *1, n.2, 2. A decision as recent as last month has reaffirmed that while pro se litigants are generally accorded great deference in liberally construing their filings, "where, as here, the pro se party is an experienced attorney, the Court is not obligated to read his pleadings with the degree of liberality given to non-attorney pro se plaintiffs." Flanders v. Fidelity Nat'l Prop. & Cas. Ins. Co., No. 13-CV-1552 (PKC), 2014 WL 4909154, at *1, n.2 (E.D.N.Y. Sept. 30, 2014)(citations omitted); see also Corsini v. Bloomberg, No. 12 Civ. 8058 (LTS)(MHD), 2014 WL 2029178, at *14 (S.D.N.Y. May 15, 2014)(Because the plaintiff is a lawyer, "he cannot claim the special consideration which the courts customarily grant to pro se parties.")(citation omitted). "[S]ome degree of deference []" is permitted only when the lawsuit "appears to be outside the pro se attorney's usual practice area." Flanders, 2014 WL 4909154, at *1, n.2

(citation omitted).  As Judge Arterton's prior decision suggests, plaintiff is a practicing litigator in state court, see 2014 WL 3419578, at *1, and his brief indicates that as well (see Dkt. #66, at 4), so that litigating this case does not fall "outside [his] usual practice area[.]"

Plaintiff argues that based upon defense counsel's multiple requests, he did withdraw his claims as to many of the defendants named in the Amended Complaint.  (Dkt. #66, at 3).  However, under all the circumstances in this case, the Norwalk Defendants' motion is granted, as the facts and procedural history here bear a very strong resemblance to those presented in Carter, 759 F.3d at 161-65.  However, the Court adopts one of the alternatives in the Edwards decision, that is to award attorney's fees for the period where "the plaintiff continued to litigate after it clearly became" "frivolous, unreasonable, or groundless" to do so.  957 F. Supp. 2d at 215.  Thus, the Norwalk Defendants are entitled to attorney's fees and costs only for the time spent after they filed the sealed Offer of Judgment on April 22, 2014.  (Dkt. #39).  The Norwalk Defendants will file their affidavits and supporting documentation with respect to the specific amounts sought for attorney's fees and costs **on or before October 31, 2014**, plaintiff will file his brief in opposition **on or before November 21, 2014**, and the Norwalk Defendants may file their reply brief, if any, **on or before December 12, 2014**.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for

the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 8th day of October, 2014.

     /s/ Joan G. Margolis, USMJ
    Joan Glazer Margolis
    United States Magistrate Judge